# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Daniel Willis Watkins, | ) | |
| | ) | Civil Action No.: 9:18-cv-01646-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Southern Health Partners, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of Magistrate Judge Bristow Merchant's ("Magistrate Judge") Report and Recommendation ("Report") filed on September 25, 2018 (ECF No. 11). The Report addresses Plaintiff Daniel Willis Watkins's *pro se* Complaint (ECF No. 1) brought pursuant to 42 U.S.C. § 1983 and recommends that the court dismiss the action without prejudice. (ECF No. 11.) For the reasons stated herein, the court **ACCEPTS** the Report and **DISMISSES** Plaintiff's Complaint (ECF No. 1) without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 11.) As brief background, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his Complaint on June 15, 2018. (ECF No. 1.) Pursuant to 42 U.S.C. § 1983, Plaintiff alleged that his constitutional rights were violated by Defendant because he was denied medical treatment. (*Id.* at 3-4.) On August 14, 2018, the Magistrate Judge issued an Order giving Plaintiff an opportunity to provide the necessary information and paperwork to bring the case into proper form for evaluation and possible service of process. (ECF No. 8.) Plaintiff was warned that failure to provide the necessary information within the timetable set forth in the Order would subject the case to dismissal. (*Id.*)

1

On August 14, 2018, the Magistrate Judge also issued an Order to amend the Complaint giving Plaintiff the opportunity to address deficiencies in his pleading. (ECF No. 9.) Even when considering the more liberal standard to which *pro se* complaints are held, Plaintiff's Complaint (ECF. No.1) failed to meet the standard and was subject to summary dismissal. (ECF No. 9.) Plaintiff has only named Southern Health Partners, a private corporation, as a defendant. (*Id.*) In order to seek relief under § 1983 against a private corporation, a plaintiff must show that a policy or custom caused the violation. *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Plaintiff failed to allege any facts suggesting that a policy or custom of Defendant caused a purported constitutional injury. (ECF No. 9.) Plaintiff also failed to name the medical nurses who allegedly denied him care. (*Id.*) Finally, Plaintiff failed to allege which of his constitutional or statutory right(s) have been violated. (*Id.*) Plaintiff was warned that failure to file an amended complaint or cure the deficiencies identified would result in the Magistrate Judge's recommendation to the district court that the claims be dismissed. (*Id.* at 4.)

The time to bring this case into proper form has lapsed, and Plaintiff has failed to provide a response to the Proper Form Order (ECF No. 8), to the Order to file an Amended Complaint (ECF No. 9), or to contact the court in any way. (*Id.*)

On September 25, 2018, the Magistrate Judge issued a Report and recommended the dismissal of Plaintiff's Complaint. (ECF No. 11.) The Report found that Plaintiff failed to provide a response to the Order. (*Id.*) As of this date, October 15, 2018, Plaintiff has yet to respond to the Magistrate Judge.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a

recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Objections to a Report must identify specific findings of the Report and state the basis for objecting to those findings. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the fact of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file a specific, written objection to a Report will result in a waiver of the right to appeal from an order based upon a Report. 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 845-47 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If a party fails to properly object because the objection lacks the requisite specificity, then *de novo* review by the court is not required. *See Suttles v. Chater*, No. 96-2138, 1997 WL 76900, at *1 (4th Cir. Feb. 25, 1997) (holding that "general, non-specific objections" are not sufficient when objecting to a magistrate judge's recommendation) (citing *Howard v. Secretary*, 932 F.2d 505, 508-09 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1985)).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574

F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. 1997).

### III. DISCUSSION

Plaintiff was apprised of his opportunity to file objections to the Report on September 25, 2018. (ECF No. 11.) Objections to the Report were due by October 9, 2018. (*Id.*) Plaintiff has neither filed an objection to the Report nor contacted the court in any way.

In the absence of *specific* objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Since no specific objections were filed by Plaintiff, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 11) and incorporates it herein. The court **DISMISSES** Plaintiff's Complaint without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 15, 2018
Columbia, South Carolina